# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**GERALD MCDOWELL**                                   **CIVIL ACTION**

**VERSUS**

**SOCIAL SECURITY ADMINISTRATION**                    **NO. 19-570-BAJ-RLB**

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on January 8, 2020.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GERALD MCDOWELL                                             CIVIL ACTION

VERSUS

SOCIAL SECURITY ADMINISTRATION                              NO. 19-570-BAJ-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss (R. Doc. 20) filed by Defendant, the Commissioner of the Social Security Administration, on December 10, 2019. Plaintiff filed his Opposition (R. Doc. 23) on December 20, 2019.

I.     **Background**

Plaintiff initiated this action with the filing of his Complaint (R. Doc. 1) on August 28, 2019. Therein, Plaintiff alleges that the "Social Security Administration denied [him] from receiving disability benefits and back-pay." (R. Doc. 1 at 1). In the document attached to his Complaint, Plaintiff again suggests that the Social Security Administration denied benefits for his mental and physical limitations. (R. Doc. 1-1 at 1). Plaintiff goes on to provide a narrative alleging various physical and mental diagnoses, medications, injuries, and treatments. (R. Doc. 1-1 at 2-7). Plaintiff requests the following relief: (1) expedited benefits; (2) "extensive research and answer be brought forth on the truths relating to his elevated liver enzymes and the damage this physical error has created for the remaining organs of his body"; (3) "all medical documents be released to him"; (4) housing, transportation, and utility assistance; (5) childcare assistance; (6) monetary compensation for alleged "mental and physical torture brought forth by healthcare providers and government officials by repeat negligence"; and (7) "survivor benefits expediated [sic] starting from the passing of his mother in October 2016." (R. Doc. 1-1 at 8-10).

Plaintiff named the Social Security Administration as the sole Defendant in his action. (R. Doc. 1 at 1; R. Doc. 1-1 at 1). Summons (R. Doc. 4) was issued at to the Social Security Administration on September 3, 2019. The record reflects that service was effected as to the Social Security Administration on September 17, 2019 (R. Doc. 11; R. Doc. 14), and September 25, 2019 (R. Doc. 12). The Court issued its Scheduling Order (R. Doc. 5) on September 3, 2019.

## II.     Law and Analysis

### A.     Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a court does not assume the truth of conclusory statements, but rather looks for facts which support the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. *Pro se* pleadings are to be held "to less stringent standards than formal pleadings drafted by lawyers." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro se plaintiff's] allegations and briefs more permissively").

3

**B.    Analysis**

The Commissioner seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, or in the alternative, Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (R. Doc. 20 at 1). In support of dismissal, the Commissioner represents that Plaintiff was denied Social Security benefits with an initial determination mailed on November 29, 2018. (R. Doc. 20-1 at 1; R. Doc. 20-2 at 1, 3-8). The Commissioner alleges that Plaintiff did not request a hearing before an administrative law judge within the delays provided in the initial determination, instead filing this action on August 28, 2019, nine months after the initial determination. (R. Doc. 20-1 at 2). The Commissioner argues that, because Plaintiff failed to request a hearing before an administrative law judge, his claim for benefits should be dismissed for failure to exhaust administrative remedies. (R. Doc. 20-1 at 5). The Commissioner also suggests that Plaintiff "has not alleged or established a colorable constitutional claim and his appeal is not subject to review." (R. Doc. 20-1 at 5).

In Opposition, Plaintiff raises two objections. First, Plaintiff suggests that the Defendant's answer to the complaint was untimely, and failed to establish good cause for the delay.[1] (R Doc. 23 at 1). Second, Plaintiff argues that the "complaint was [multi-dimensional] and requested more than Gerald McDowell Social Security Benefits." (R. Doc. 23 at 1).

Regarding timeliness, the Court notes that this action was classified as a request for Social Security benefits, and the Commissioner of the Social Security Administration is the only named Defendant. Accordingly, a Scheduling Order (R. Doc. 5) was issued on September 3, 2019. Therein, the Commissioner was provided ninety (90) days from the date of service of the

---

[1] Plaintiff also raises this argument in the context of his Motion for Default Judgment (R. Doc. 13).  As set forth herein, the Commissioner responded within the applicable deadlines to do so and Plaintiff's argument is without merit.

4

complaint to file a certified copy of the administrative record. (R. Doc. 5 at 1). The record reflects the earliest possible date of service on the Commissioner to be September 17, 2019. (R. Docs. 11, 14). Accordingly, the Commissioner had through December 16, 2019 in which to comply. The Commissioner filed its Motion to Dismiss (R. Doc. 20) on December 10, 2019, well within the temporal limits provided by the Scheduling Order. Therefore, to the extent Plaintiff argues that Defendant's response is untimely, that argument is without merit.

Next, the Court turns to Plaintiff's claim for Social Security Benefits. Fed. R. Civ. P. 12(d) provides the following: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion." Because the Court must rely on information outside of the pleadings to rule on the instant motion, it should be treated as a motion for summary judgment to the extent it seeks a ruling that Plaintiff's claims should be dismissed for failure to exhaust administrative remedies.

The Commissioner represents that Plaintiff filed an application for disability benefits on May 29, 2018, and an initial determination denying that application was mailed on November 29, 2018. (R. Doc. 20-1 at 1; R. Doc. 20-2 at 1). The Commissioner also represents that the initial determination provided Plaintiff information regarding his right to request an administrative hearing, and that Plaintiff did not request a hearing. (R. Doc. 20-2 at 2).  In Opposition, Plaintiff makes no argument regarding his failure to request an administrative hearing after the denial of benefits in the initial determination.

42 U.S.C. § 405(g) provides that an individual "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party… may obtain a

5

[judicial] review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." Further, courts have long held that "a final decision is rendered when the Appeals Council either reviews or denies review of the ALJ's decision and a claimant must pursue these steps through the Appeals Council decision in order to have exhausted administrative remedies." *Mamon v. Social Sec. Admin.*, 1994 WL 243277, at *1 (5th Cir. 1994) (citing *Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir.), *cert. denied*, 484 U.S. 969 (1987)). 20 C.F.R. § 404.900(a)(5) provides that when a claimant has "completed the steps of the administrative review process listed in paragraph (a)(1) through (a)(4) of this section, we will have made our final decision. If you are dissatisfied with our final decision, you may request judicial review by filing an action in a Federal district court." The steps referenced in that section include the following (1) initial determination; (2) reconsideration; (3) hearing before an administrative law judge; and (4) Appeals Council review. 20 C.F.R. § 404.900(a)(1)-(4).

Plaintiff was mailed his initial determinations on November 29, 2018. (R. Doc. 20-2 at 1). There is no evidence in the record that Plaintiff complied with his right to request an administrative hearing as set forth in the initial determination, or any of the steps referenced in 20 C.F.R. § 404.900(a)(1)-(4), including reconsideration, administrative hearing, and Appeals Council review. Without having shown good cause for his failure to comply with these provisions, his time for doing so has expired.

The Court finds that Plaintiff has failed to exhaust his administrative remedies, and therefore, his request for Social Security benefits is not subject to judicial review. Federal courts lack subject matter jurisdiction where an applicant for Social Security benefits fails to timely exhaust his administrative remedies. *See, e.g., Stump v. Barnhart*, 387 F.Supp. 2d 686, 690 (E.D.

6

Tex. 2005) (granting motion to dismiss for lack of subject matter jurisdiction where claimant's request for administrative hearing was untimely). Accordingly, the Court recommends that Defendants' Motion to Dismiss (R. Doc. 20) be granted, and Plaintiff's request for Social Security disability benefits be dismissed with prejudice for failure to exhaust administrative remedies.

Construing Plaintiff's Complaint through a less stringent lens, as a court must do when a plaintiff is *pro se*, Plaintiff also requests relief in the form of the following: (1) "extensive research and answer be brought forth on the truths relating to his elevated liver enzymes and the damage this physical error has created for the remaining organs of his body"; (2) "all medical documents be released to him"; (3) housing, transportation, and utility assistance; (4) childcare assistance; (5) monetary compensation for alleged "mental and physical torture brought forth by healthcare providers and government officials by repeat negligence"; and (6) "survivor benefits expediated [sic] starting from the passing of his mother in October 2016." (R. Doc. 1-1 at 8-10).

As to Plaintiff's sixth claim, for "survivor benefits" due to the passing of his mother in October 2016, Plaintiff provides no evidence that he first sought survivor benefits through the proper administrative channels, or that he even applied for such benefits. Accordingly, the Court recommends Plaintiff's request for survivor benefits be dismissed with prejudice for failure to exhaust administrative remedies as set forth above.

It is unclear from the Complaint from what persons or entities Plaintiff seeks to recover assistance with housing, transportation, utilities, and/or childcare, i.e., whether those requests are subsumed within his request for Social Security benefits, or whether he seeks assistance from other persons or entities besides the Social Security Administration, the only named defendant. To the extent that Plaintiff's request for assistance with housing, transportation, utilities, and/or

7

childcare is part of his request for Social Security disability benefits, the Court recommends those requests also be denied for failure to exhaust administrative remedies. To the extent, however, that Plaintiff's request for assistance with housing, transportation, utilities, and/or childcare is independent of his request for Social Security benefits, and seeks relief from any persons or entities besides the Social Security Administration, that request should be dismissed without prejudice to the Plaintiff re-filing and naming the proper parties as defendants.

"A court with proper jurisdiction may also consider *sua sponte* the absence of a required person and dismiss for failure to join." *Republic of Philippines v. Pimentel*, 553 U.S. 851, 861 (2008) (citing *Minnesota v. Northern Securities Co.*, 184 U.S. 199, 235 (1902)). Insofar as Plaintiff seeks any relief beyond his request for disability or survivor benefits, the Social Security Administration is not the proper defendant, and does not have the ability to accord the relief requested by Plaintiff. There is no other named defendant in this action to respond to Plaintiff's request for relief beyond Social Security benefits. Accordingly, there being no named defendant that can answer the claims brought by the Plaintiff independent of his request for Social Security benefits, the Court recommends dismissal without prejudice as the appropriate remedy.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Defendant's Motion to Dismiss (R. Doc. 20) be **GRANTED** and Plaintiff's claims for disability benefits under the provisions of Titles II and XVI of the Social Security Act be **DISMISSED WITH PREJUDICE** for failure to exhaust administrative remedies.

**IT IS FURTHER RECOMMENDED** that any claims brought by Plaintiff outside of his claims for disability benefits under the provisions of Titles II and XVI of the Social Security Act be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Default Judgement (R. Doc. 13) be **DENIED AS MOOT** and this matter be closed.

Signed in Baton Rouge, Louisiana, on January 8, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**